UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Job E. Ayala, | ) |
| | ) |
| Plaintiff(s), | ) Case No. 2017 C 05621 |
| | ) |
| | ) Judge: Rebecca R. Pallmeyer |
| | ) |
| CPD Officer Corona, CPD Officer Delaney, | ) Magistrate Judge: Susan E. Cox |
| CPD Officer Houlihan, CPD Officer Iza, | ) |
| CPD Officer MacNiff, CPD Officer Konior, | ) |
| CPD Officer Brown, | ) |
| | ) |
| Defendant(s) | ) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants, Sergio Corona, Ryan Delaney, Sean Houlihan, Francisco Iza, Colin MacNiff, Scott Konior, and Patrick Brown, by and through one of their attorneys, Christine K. Wee, Assistant Corporation Counsel, and as and for their Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand, state as follows:

    X    COMPLAINT UNDER THE CIVIL RIGHS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

**ANSWER:** Defendants admit that Plaintiff purports to bring this action for money damages under the Civil Rights Act, Title 42, Section 1983, but deny any allegation of wrongdoing or other misconduct alleged herein.

### IV. STATEMENT OF CLAIM

1. On Oct 3, 2015 approx. 10:30 p.m. at 2938 W. Fullerton Ave, Chicago, IL 60647, I was walking out of the Two Way Bar up to a taxi that I had called and was waiting for me parked at the curb in front of the bar.

**ANSWER:** Defendants Corona and Delaney admit that they saw the plaintiff walk out of the Two-Way Bar on the night of October 3, 2015, but lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations stated in this paragraph. Defendants Brown, Macniff, Iza, Konior and Houlihan, lack the knowledge or information sufficient to form a belief as to the truth of the allegations stated in this paragraph.

2. When suddenly I was grabbed from behind by two individuals. As I turned around and put my hands up defensively, I was physically assaulted and attacked.

1

**ANSWER:** Defendants Corona and Delaney deny the allegations stated in this paragraph. Upon information and belief, Defendants Brown, Macniff, Iza, Konior and Houlihan deny the allegations stated in this paragraph.

3. I was thrown to the ground and pummeled and stomped about the head and ribs by seven individuals.

**ANSWER:** Defendants Corona, Delaney, Macniff, Iza, Konior and Houlihan deny the allegations stated in this paragraph. Defendant Brown denies that he was present at 2938 W. Fullerton Ave., Chicago, Illinois on October 3, 2015 and, upon information and belief, denies the allegations stated in this paragraph.

4. In the process causing me to loose [sic] consciousness and suffer head trauma, concussion, and three broken ribs.

**ANSWER:** Defendants Corona, Delaney, Macniff, Iza, Konior and Houlihan deny the allegations stated in this paragraph. Defendant Brown denies that he was present at 2938 W. Fullerton Ave., Chicago, Illinois on October 3, 2015 and, upon information and belief, denies the allegations stated in this paragraph.

5. Not until after I was handcuffed did these individuals announce themselves as being Chicago Police Officers.

**ANSWER:** Defendants Corona, Delaney, Macniff, Iza, Konior and Houlihan deny the allegations stated in this paragraph. Defendant Brown denies that he was present at 2938 W. Fullerton Ave., Chicago, Illinois on October 3, 2015 and, upon information and belief, denies the allegations stated in this paragraph.

6. Officers involved: Corona #3331, Delaney #4024, MacNiff #11549, Houlihan #4837, Brown #20982, Iza #12649, Konior #14328.

**ANSWER:** Defendants Corona, Delaney, Macniff, Iza, Konior and Houlihan admit they were present when Plaintiff was arrested on October 3, 2015, but deny any wrongdoing. Answering further, Defendants Corona, Delaney, Macniff, Iza, Konior and Houlihan deny that Defendant Brown was present when Plaintiff was arrested on October 3, 2015. Defendant Brown denies that he was present at the scene of Plaintiff's October 3, 2015 arrest, and denies any wrongdoing.

7. These officers have a history of misconduct and excessive force. (I have complaint history records)

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

8. Only after subdueing [sic] me did they announce their office.

2

**ANSWER:** Defendants Corona, Delaney, Macniff, Iza, Konior and Houlihan deny the allegations set forth in this paragraph. Defendant Brown denies that he was present at 2938 W. Fullerton Ave., Chicago, Illinois on October 3, 2015 and, upon information and belief, denies the allegations stated in this paragraph.

9. They never read me my Miranda rights and never told me I was under arrest.

**ANSWER:** Defendants deny the allegations in this paragraph.

10. They refused to give me medical attention even after several repeated requests.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

11. Not until I was in lock up for several hours, did other officers come along, in charge of transfers, and offered me medical attention.

**ANSWER:** Upon information and belief, Defendants admit Plaintiff was taken to a hospital, but lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in this paragraph. Answering further, Defendants deny any wrongdoing.

12. Then and only then was I taken to the hospital for proper medical attention. (I have medical records)

**ANSWER:** Upon information and belief, Defendants admit Plaintiff was taken to a hospital, but lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in this paragraph. Answering further, Defendants deny any wrongdoing.

13. I have eight witnesses to the incident. They are willing to testify in court.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. I have their names, addresses, age, phone numbers, and occupation. These are the witnesses that were present during the incident that occurred at the time of my arrest.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Your honor I would like to send you a copy of the witnesses [sic] information, but I fear that the officers will obtain that information.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph. Answering further, Defendants deny any allegation or suggestions of misconduct or other wrongdoing.

## AFFIRMATIVE DEFENSES

1.  At all times relevant to plaintiff's complaint, defendants were government officials, namely police officers, who were performing discretionary functions. At all times material to the events alleged in the complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said defendants could have believed his or her actions to be lawful, in light of clearly established law and the information that the defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2.  The defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in the alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3.  To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his or her claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

## JURY DEMAND

Defendants request a trial by jury for all issues so triable.

Respectfully submitted,

By: */s/ Christine K. Wee*
Christine K. Wee
Assistant Corporation Counsel

Christine K. Wee, Assistant Corporation Counsel
Victoria R. Benson, Chief Assistant Corporation Counsel
City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
Office (312) 742-6404
Fax    (312) 744-6566
Attorney No. 90909