IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Job Ayala, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 17-5621 |
| *-vs-* | ) | |
| | ) | *(Judge Pallmeyer)* |
| CPD Officer Corona, et al., | ) | |
| | ) | |
| *Defendants* | ) | |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, by counsel, requests that the Court compel defendants to produce their personnel files and the police file of a "registered confidential informant." Defendants raise a variety of meritless objections to producing these documents and have failed to comply with the privilege log requirement of Federal Rule of Civil Procedure 26(b)(5).

Grounds for this motion are as follows:

1.    Plaintiff in this Section 1983 action alleges that defendant officers used excessive force when they arrested him on October 3, 2015.

2.    Defendant officers claimed in their official report of plaintiff's arrest that they had received information from a "registered confidential informant" that plaintiff was at a bar selling drugs and that plaintiff was "armed with a handgun." (Exhibit 1 at 3.)

3.     The police report, which plaintiff disputes in a variety of ways, continues:

> Fearing Job Ayala (Offender) was armed with a handgun [Reporting Officers] attempted to gain control of Job Ayala (Offender)'s hands. Job Ayala (Offender) then punched Ryan Delany #4024 (Victim and Complainant) in the face with his right fist. As Job Ayala (Offender) punched Ryan Delany #4024 (Victim and Complainant), P.O. Corona #3331 State of Illinois (Victim and Complainant) observed a dark colored handgun in Job Ayala (Offender)'s beltline. [Reporting Officers] conducted an emergency takedown of Job Ayala (Offender) who continued to strike at [Reporting Officers] and reach for his waist. [Reporting Officers] used necessary force to place Job Ayala (Offender) under arrest for aggravated battery.

(Exhibit 1 at 3) (plaintiff has edited the report's use of all capital letters to increase readability).

4.     One aspect of the defense against plaintiff's excessive force claim will therefore be the officers' purported expectation that plaintiff would be carrying a handgun. Whether a suspect is armed is one of the relevant factors for applying the objective reasonableness standard of the Fourth Amendment for excessive force claims. *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015).

5.     Because of the importance of the tip that the officers claim to have received from a "registered confidential informant," plaintiff seeks to test the truth of this claim.

-2-

6. Plaintiff therefore served a production request for the "Registered Cooperating Individual File for the Registered Confidential Individual referred to at FCRL 000048." Defendants' response is below:

> RESPONSE: Defendants object to this request on the grounds that it seeks information protected by the informant's privilege (see 735 ILCS 5/8-802.3-Informant's Privilege), on the grounds that the request calls for information that is not proportional to the needs of the case, and on the grounds that the request calls for personal information about a confidential informant that could cause a safety and security risk to that individual.

(Exhibit 2 at 11 ¶ 9.)

7. Undersigned counsel conferred by phone with Jennifer Bagby, attorney for defendants, regarding this objection on May 10, 2018.

8. Following the conversation, Babgy stated by letter that the attorneys for defendants would "contact CPD to see what if any information exists regarding the Registered Confidential Informant referenced in the Arrest Report. At that time we can discuss what if any information we can agree to produce." (Exhibit 3 at 2.)

9. On June 19, 2018, Bagby provided an update on this process by email:

> In response to your question about the RCI we are standing by our objection that any information contained in the file is privileged. If there are some specific questions or information that you want to ask about the RCI please let us know and we can see what

> if anything we can disclose but as to the general
> questions posed in your Interrogatories and RFPs our
> objection stands.

(Exhibit 4.)

10.     Thus, defendants have refused to provide any information about the informant. Defendants do not assert that the alleged informant is currently providing information to the police and fail to make any claim that the defendant would be harmed if his or her identity was revealed. The Court should reject defendants' position that all informant information can always be withheld.

11.     The misuse of confidential informants is not a hypothetical. Two Chicago Police Officers were recently indicted for corruption that included applying for warrants with false submissions from "J. Doe" confidential informants. *United States v. Elizondo & Salgado*, 18-CR-286.

12.     Defendants have also failed to provide the privilege log required by Federal Rule of Civil Procedure 26(b)(5).

13.     It appears that defendants refuse to review the informant file to determine if its contents are truly covered by any privilege. Defendants instead seek to shift the burden onto plaintiff to guess what is in the file and explain why that material should be produced. This strategy contravenes the "level playing field" of the rules of discovery. *Mauricio v. Duckworth*, 840 F.2d 454, 457 n.4 (7th Cir. 1988).

14.     The Court should compel production of the informant file.

15.     Defendants have also refused to provide their personnel files, interposing the following prolix objection:

> RESPONSE: Defendants object to this request as it seeks protected, confidential and highly –sensitive information. Personnel files are protected from disclosure by both federal and state law; therefore, disclosure would be a violation of Mental Health and Developmental Disabilities Act, 740 ILCS 110/1 et seq., the Health Insurance Portability and Accountability Act, 45 CFR § 164.512(e)(1), and the Illinois Personnel Record Review Act, 820 ILCS 40/1 et seq. Defendants further object as this request calls for personal and confidential information that is not proportional to the needs of this case the disclosure of which could cause safety and security risks to Defendants and their families. Defendants further object to this request on the grounds that it is overly broad in that it is not reasonably limited in either time or scope, on the grounds that the request seeks information that is not relevant to any party's claims or defenses, on the grounds that the request seeks information that is not proportional to the needs of the case, and seeks improper character evidence. Subject to and without waiving said objections, Defendants direct Plaintiff to the Individual Defendants' Complimentary Histories (FCRL 000469- 000475) and Training Records (FCRL 000443-000468; 000476-000547).

(Exhibit 2 at 9-10 ¶ 6.)

16.     Undersigned counsel conferred by phone with Jennifer Bagby, attorney for defendants, about this objection on May 10, 2018.

17.     Following the conversation, Babgy stated that defendants would not budge:

> We maintain the position that the entire personnel files of our clients are not discoverable for the reasons set forth in our interrogatory answers. Accordingly, at this time we will not be producing any part of them and we will not be producing a privilege log related to those files.

(Exhibit 3 at 2.)

18.     Again, defendants assert numerous privileges, refuse to review the documents to determine if these purported privileges apply, and refuse to provide the privilege log required by Rule 26(b)(5). Defendants have fallen far short of their obligations under the Federal Rules of Civil Procedure.

19.     In addition, defendants' position on their personnel files has no legal basis. On the contrary, "[i]t is well-established that, in § 1983 cases involving allegations of police misconduct, personnel files of the defendant officers are discoverable, as they may lead to evidence admissible under Federal Rule of Evidence 404(b)." *Clark v. Ruck*, No. 13-CV-03747, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014).

20.     The Court should overrule this objection as well.

ACCORDINGLY, plaintiff asks that the Court order that defendants produce their personnel files and the police file of the "registered confidential informant."

Respectfully submitted,

/s/  Joel A. Flaxman
      Joel A. Flaxman
      ARDC No. 6292818
      Kenneth N. Flaxman
      200 South Michigan Ave. Ste 201
      Chicago, Illinois 60604
      (312) 663-9500
      *Attorneys for Plaintiff*

**Exhibit 1**

**CHICAGO POLICE DEPARTMENT**
# ORIGINAL CASE INCIDENT REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(6/03-C)

RD #: **HY448654**
EVENT #: **1527616588**
Case ID: 10261065 CASR229

## ASSIGNED TO ADMINISTRATIVE PERSONNEL

**INCIDENT**

IUCR: 0454 - Battery - Agg Po Hands No/Min Injury

143A - Weapons Violation - Unlawful Poss Of Handgun

1811 - Narcotics - Poss: Cannabis 30gms Or Less

3710 - Interference With Public Officer - Resist/Obstruct/Disarm Officer

Occurrence Location: 2928 W Fullerton Ave, Chicago IL, 304 - Street
Occurrence Date: 03 October 2015 22:30
Beat: 1414
Unit Assigned: 6732C
RO Arrival Date: 03 October 2015 22:30
# Offenders: 1

## VICTIM - Individual | Police Officer

**NON OFFENDER**

Name: **DELANEY#4024, Ryan**
2452 W Belmont Ave
Chicago, Il
312 - 742 - 2686
Beat: 1921
Sobriety: Sober
Demographics — Age: Years

## VICTIM - Society

Name: **STATE OF ILLINOIS, P.O. Corona#3331**
Beat: 5100
Demographics — Age: Years

## Injury Info (DELANEY#4024,Ryan Victim)

**INJURIES**

Injured by offender
Injury Extent: Minor

| Type | Weapon Used | Other Weapon Used |
|---|---|---|
| Abrasions | Hand/Feet/Teeth/Etc. | Other - Right Fist |
| Abrasions | Hand/Feet/Teeth/Etc. | |
| Other | Hand/Feet/Teeth/Etc. | |

## Injury Info (STATE OF ILLINOIS,P.O. Corona#3331 Victim)

Injury Extent: Minor

| Type | Weapon Used |
|---|---|
| Abrasions | Hand/Feet/Teeth/Etc. |

## Suspect #1 | In Custody

**SUSPECTS**

Name: **AYALA, Job**
"GLOBE"
Res: 2426 N Kildare Ave, Chicago IL
Beat: 2524

Demographics:
Male
Black Hispanic
6'02,
250 lbs
Brown Eyes
Grey/Part Grey Hair
Shaved Hair Style
Medium Complexion

DOB: 15 June 1964
Age: 51 years
Birth Place: IL
Suspected of Using: Drugs/Narcotics, Weapon

RD #: HY448654

**Plaintiff's Exhibit 1**
Job Ayala v. City of Chicago, et al. 17 C 5621
**Page 1**
FCRL 000046

**Chicago Police Department - Incident Report**

RD #: HY448654

## SUSPECTS

### Injury Info

| Type | Weapon Used |
|---|---|
| Abrasions | Other |

## RELATIONSHIP

### RELATIONSHIP

| (Victim) | | (Offender) |
|---|---|---|
| DELANEY#4024, Ryan | is a   No Relationship of | AYALA, Job |

## GANG INFO

### AYALA, Job (Suspect)

**Affiliation:** Member

**Gang Identifications:** Tattoo
Admission

**Gang Name:** Orchestra Albany

## DOMESTIC INFO

## NARCOTICS

### Narcotics # 1   Seized                                          Possessor/User   AYALA, JOB

| Type: | Cannabis/Generic | Location Found: | 2928 W Fullerton | Taken/Stolen? | No |
|---|---|---|---|---|---|
| Weight: | 5 Grams | Packaging: | Zip-Lock Plastic Bag(S) | Recovered? | No |
| | | Owner: | Job Ayala | Quantity: | 2 |
| | | Container Containing Packages: | Zip Lock Baggies | Seized? | Yes |



**Plaintiff's Exhibit 1**                                                    **Page 2**
Job Ayala v. City of Chicago, et al.  17 C 5621                               FCRL 000047

**Chicago Police Department - Incident Report**

RD #: HY448654

| Firearm #1 - Seized | | Possessor/User: AYALA, JOB |
|---|---|---|

Type: Semi-Automatic Pistol

Duty Related: No

Make: Sturm, Ruger & Co.
(Bearcat,Blackhawk,Speed Six)

Model: P-38

Taken/Stolen? No

Serial #: 6095C

Owner Known? Yes

Caliber/Gauge: 38 Caliber

Owner: Job Ayala

Displayed? Yes

Barrel Length: 5

Used? No

Feature: Blue Steel

Recovered? No

Registration Status: Clear

Inventory #: 13544123

Location Found: 2928 W Fullerton

# Live Rounds: 7

IN SUMMARY, R/OS RECEIVED INFORMATION FROM AN RCI THAT JOB AYALA(OFFENDER) WAS AT THE "TWO-WAY" LOUNGE LOCATED AT ABOVE ADDRESS, SELLING NARCOTICS. THE RCI RELATED FURTHER THAT JOB AYALA(OFFENDER) WAS ARMED WITH A HANDGUN. R/OS RELOCATED TO THE AREA AND SET UP SURVEILLANCE. P.O. CORONA#3331 STATE OF ILLINOIS (VICTIM AND COMPLAINANT) AND RYAN DELANEY#4024 (VICTIM AND COMPLAINANT) OBSERVED JOB AYALA(OFFENDER) EXIT THE BAR. R/OS APPROACHED JOB AYALA(OFFENDER) IN ORDER TO CONDUCT A FIELD INTERVIEW AND ANNOUNCED OFFICE. FOR OFFICER SAFETY, R/OS ORDERED JOB AYALA(OFFENDER) TO PUT HIS HANDS UP. JOB AYALA(OFFENDER) REFUSED R/OS' COMMANDS. FEARING JOB AYALA(OFFENDER) WAS ARMED WITH A HANDGUN, R/OS ATTEMPTED TO GAIN CONTROL OF JOB AYALA(OFFENDER)'S HANDS. JOB AYALA(OFFENDER) THEN PUNCHED RYAN DELANEY#4024 (VICTIM AND COMPLAINANT) IN THE FACE WITH HIS RIGHT FIST. AS JOB AYALA(OFFENDER) PUNCHED RYAN DELANEY#4024 (VICTIM AND COMPLAINANT), P.O. CORONA#3331 STATE OF ILLINOIS (VICTIM AND COMPLAINANT) OBSERVED A DARK COLORED HANDGUN IN JOB AYALA(OFFENDER)'S BELTLINE. R/OS CONDUCTED AN EMERGENCY TAKEDOWN OF JOB AYALA(OFFENDER) WHO CONTINUED TO STRIKE AT R/OS AND REACH FOR HIS WAIST. R/OS USED NECESSARY FORCE TO PLACE JOB AYALA(OFFENDER) UNDER ARREST FOR AGGRAVATED BATTERY. R/OS RECOVERED (1) RUGER P.38 SEMI-AUTO PISTOL LOADED WITH (7) 9MM BULLETS FROM JOB AYALA(OFFENDER)'S WAISTBAND. CUSTODIAL SEARCH REVEALED (2) ZIP LOCK BAGGIES CONTAINING SUSPECT CANNABIS. TRANSPORTED TO 014 FOR PROCESSING. JOB AYALA(OFFENDER) RELATED TO R/OS THAT HE WAS IN A FIGHT A FEW DAYS AGO WHERE HE WAS STRUCK IN THE FACE CAUSING A BLACK EYE. JOB AYALA(OFFENDER) IS A KNOWN AND DOCUMENTED HIGH RANKING MEMBER OF THE ORCHESTRA ALBANY STREET GANG WITH SEVERAL FELONY CONVICTIONS INCLUDING CONVICTIONS FOR AGGRAVATED BATTERY TO PO. GUN DESK NOTIFIED: CLEAR NOT REGISTERED. NAME CHECK CLEAR PER DATA WAREHOUSE/LEADS. HAS ID, $152USC. SSL#159. TRRS COMPLETED. EVIDENCE TECH BEAT 5833 BOONE 14301 ONSCENE TO PHOTOGRAPH RYAN DELANEY#4024 (VICTIM AND COMPLAINANT) AND THE RECOVERED FIREARM. DURING THE STRUGGLE, RYAN DELANEY#4024 (VICTIM AND COMPLAINANT) SUSTAINED AN INJURY TO HIS RIGHT SHOULDER. IOD REPORT COMPLETED.
NOTIFICATION: VIOLENT CRIMES BROWN Beat#: 5321 Star#: 20982 Emp#: Date: 03-OCT-2015 Time: 2300 ONS
- STAR#: 4837 NAME: SEAN HOULIHAN BEAT: 6732A
- STAR#: 14328 NAME: SCOTT KONIOR BEAT: 6732E
- STAR#: 12649 NAME: FRANCISCO IZA BEAT: 6732F

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Approving Supervisor | 2652 | #3502 | SCHULTZ, Neal, A | (PC0M655) | 04 Oct 2015 01:05 | 313 | |
| Detective/Investigator | 20982 | #44169 | BROWN, Patrick, J | (PC0T330) | 04 Oct 2015 08:46 | 630 | |
| Reporting Officer | 1081 | #94222 | MACNIFF, Colin, T | (PC0X078) | 04 Oct 2015 00.23 | 012 | 6732C |



**Plaintiff's Exhibit 1**

Job Ayala v. City of Chicago, et al.  17 C 5621

**Page 3**

FCRL 000048

**Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOB AYALA , | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 cv 5621 |
| vs. | ) | |
| | ) | Judge:  Pallmeyer |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| SERGIO CORONA,  RYAN DELANEY, | ) | Magistrate Judge: Cox |
| SEAN HOULIHAN, FRANCISCO IZA, | ) | |
| COLIN MACNIFF, SCOTT KONIOR, and | ) | |
| PATRICK BROWN | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION**

Defendants Chicago Police Officers Sergio Corona, Ryan Delaney, Sean Houlihan, Francisco Iza, Colin MacNiff, Scott Konior, and Patrick Brown (hereinafter "Defendants"), by and through one of their attorneys, Jennifer Bagby, Assistant Corporation Counsel, for their response to Plaintiff's First Request to Produce submitted to Defendants, state as follows:

1.  All reports, photographs, recordings, or other material related to Plaintiff's interactions with Chicago Police Officers on October 3, 2015.  This request includes but is not limited to, any notes related to, drafts of, or prior versions of documents already produced.  This request includes, but is not limited to, the following:

    a.  Any and all Injury on Duty Reports, Officer Battery Reports, and Tactical Response Reports (FCRL 00048, attached as Exhibit 1, states that TRRs and IOD were completed);

    b.  Photographs taken on scene, referred to at FCRL 00048, attached as Exhibit 1;

    c.  Digital photographs referred to at FCRL 000056, attached as Exhibit 2;

    d.  All booking photos produced in their native electronic format;

**RESPONSE: Defendants object to this request in that the use of the terms and phrases "recordings," "other material," "interactions" and "notes" are vague and ambiguous, on the grounds that the use of the phrase "related to" is vague, ambiguous and overly broad, on the grounds that the request is overly broad in that it is not reasonably limited in scope, to the extent the request seeks information protected by the attorney-client privilege, and to the extent the request seeks information that would reveal attorney mental impressions and case strategy information, which are protected by the attorney work product doctrine. Defendants further object to the extent this request calls for materials outside of the knowledge or possession of the Defendants or the City of Chicago, to the extent it seeks information equally available to Plaintiff, and to the extent the request seeks transcripts, the production of which would deprive court reporters of their individual proper income. Subject to and without waiving any objections, Defendants refer Plaintiff to Bates labeled documents FCRL 000001-61, including but not limited to, the Arrest Report (FCRL 000001-000008, 000036-000045), the Original Case Incident Report (FCRL 000046-48), the Case Supplementary Reports (FCRL 000049-59), the eTrack Inventory Item Inquiry (FCRL 000060), and the Illinois State Police Laboratory Report (FCRL 000061), which were previously tendered, and Bates labeled documents FCRL 000062-000294; 000765-000775; 000782-000784; 000835-000922, including, but not limited to, Officer Battery Reports (FCRL000816-000817), Tactical Response Reports (FCRL000820-000825) , IOD Report (FCRL 000901-000903), CSPR (FCRL 000898-000899), Investigative File (FCRL 000835-000897), ET photos (FCRL000904-000922), Booking photographs (FCRL000782-**

000784), Records and Photographs from Cook County Public Defender's Office (FCRL000062-000294), and Log No. 1078600 (FCRL000318-000442) tendered with this response. Answering further, Defendants are in possession of the following transcripts from the following criminal proceedings, which can be obtained from the Official Court Reporters identified herein at Plaintiff's expense: In the matter of *The People of the State of Illinois v. Job Ayala*, Case No. 15 MC1 124376:

- October 9, 2015 before the Honorable Ann O'Donnell, which can be obtained from Maureen S. Andrews, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602;

- October 5, 2015 before the Honorable James Brown, which can be obtained from Cherlyana Sims, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602; and

- October 26, 2015 before the Honorable Ann O'Donnell, which can be obtained from Maureen S. Andrews, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602.

In the matter of *The People of the State of Illinois v. Job Ayala*, Case No. 15 CR 17227:

- November 2, 2015 before the Honorable Vincent Gaughan, which can be obtained from Paul W. O'Connor, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602;

- November 30, 2015 before the Honorable Vincent Gaughan, which can be obtained from Ivy Schaefer, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602;

- **January 29, 2016 before the Honorable Vincent Gaughan, which can be obtained from Denise A. Gross, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602;**

- **April 1, 2016 before the Honorable Vincent Gaughan, which can be obtained from Jamie Mitchell, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602;**

- **April 19, 2016 before the Honorable Vincent Gaughan, which can be obtained from Marlene Kerr, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602; and**

- **May 31, 2016 before the Honorable Vincent Gaughan, which can be obtained from Ivy Schaefer, Official Court Reporter, 69 W. Washington Street, 9th Floor, Chicago, Illinois 60602.**

**Investigation continues.**

2. All reports, photographs, recordings, or other material related to evidence or property recovered by officers during and following their interactions with Plaintiff on October 3, 2015.

**RESPONSE:  Defendants object to this request in that the use of the terms and phrases "recordings," "other material," "interactions" and "during and following their interactions" are vague and ambiguous, on the grounds that the use of the phrase "related to" is vague, ambiguous and overly broad, and to the extent the request is overly broad in that it is not reasonably limited in either time or scope.  Defendants further object to the extent this request calls for materials outside of the knowledge or possession of the**

Defendants or the City of Chicago and to the extent it seeks information equally available to Plaintiff. Subject to and without waiving any objections, and answering with the understanding that Plaintiff's request No. 2 is limited to information relating to Plaintiff's October 3, 2015 arrest, Defendants direct Plaintiff to Bates labeled documents FCRL 000001-61, including but not limited to, the Arrest Report (FCRL 00001-00008, 000036-000045), the Original Case Incident Report (FCRL 000046-48), the Case Supplementary Reports (FCRL 000049-59), the eTrack Inventory Item Inquiry (FCRL 000060), and the Illinois State Police Laboratory Report (FCRL 000061), which were previously tendered, and Bates labeled documents FCRL 000000755—000775; 000782-000784; 000805-000815; 000835-000922, including, but not limited to, Inventory slips (FCRL000806-000814), ISP lab report (FCRL000815), firearms worksheet (FCRL 000805), Area / Investigative File (FCRL000835-000897), ET photos (FCRL000904-000922) produced with this response. Investigation continues.

3. All reports, photographs, recordings, or other material related to Plaintiff's interactions with Chicago Police Officers on July 22, 2009. This request includes, but is not limited to, any notes related to, drafts of, or prior versions of documents already produced. This request includes, but is not limited to, the following: [sic]

RESPONSE: Defendants object to this request as the use of the terms and phrases "recordings," "other material," "interactions" and "notes" are vague and ambiguous, on the grounds that the use of the phrase "related to" is vague, ambiguous and overly broad, on the grounds that the request is not reasonably limited in scope, on the grounds that the request seeks information that is not relevant to any party's claims or defenses, on the

grounds that the request seeks information that is not proportional to the needs of this case, to the extent the request seeks information protected by the attorney-client privilege, and to the extent the request seeks information that would reveal attorney mental impressions and case strategy information, which are protected by the attorney work product doctrine. Defendants also object to the extent this request calls for materials outside of the knowledge or possession of the Defendants or the City of Chicago and to the extent it seeks information equally available to Plaintiff. Subject to and without waiving any objections, Defendants direct Plaintiff to Bates labeled documents FCRL 000743-000754 (CB 17626450), FCRL 000785-000804 (RD HR442762 case report and supplementary reports), and FCRL 000776-000781 (Booking photos for CB 17626450), produced with this response.

4. All reports, photographs, recordings, or other material related to evidence or property recovered by officers during and following their interactions with Plaintiff on July 22, 2009.

RESPONSE: Defendants object to this request as the use of the terms and phrases "recordings," "other material" and "interactions" are vague and ambiguous, on the grounds that the use of the phrase "related to" is vague, ambiguous and overly broad, and to the extent the request is overly broad in that it is not reasonably limited in either time or scope, on the grounds that the request seeks information that is not relevant to any party's claims or defenses, and on the grounds that the request seeks information that is not proportional to the needs of this case. Defendants further object to the extent this request calls for materials outside of the knowledge or possession of the Defendants or the

**City of Chicago and to the extent it seeks information equally available to Plaintiff. Subject to and without waiving any objections, Defendants direct Plaintiff to Bates labeled documents FCRL000827-000834 (Inventory list / slips for HR 442762), FCRL 000729-000754 (CB 17626450), FCRL 000785-000804 (Case Report and Supplementary Reports RD HR442762) produced with this response.**

5. Any civilian complaints or internal investigations and all document [sic] related to such complaints or investigations, naming

    a. Officer Corona, #3331

    b. Officer Delaney, #4024

    c. Officer Houlihan, #4837

    d. Officer Iza, #12649

    e. Officer MacNiff, #11549

    f. Officer Konior, #14328

    g. Officer Brown, #20982

**RESPONSE: Defendants object to this request in that it is overly broad in that it is not reasonably limited in either time or scope, on the grounds that the request seeks information that is not relevant to any party's claims or defenses, and on the grounds that it seeks information that is not proportional to the needs of the case. Defendants also object in that the request is vague and ambiguous as to the use of the terms and phrases "civilian complaints," "complaints," "internal investigations," and "investigations," that the use of the phrase "related to" is vague, ambiguous and overly broad, and on the grounds that the request seeks improper character evidence. Defendants further object to**

the extent that the request seeks information potentially outside of the personal knowledge of the defendants.  Subject to and without waiving said objections, Defendants direct Plaintiff to documents bates labeled FCRL 000318-000422(Log No. 1078600), which are being produced herewith. Answering further, Defendants direct Plaintiff to the SPAR Histories and Crystal Reports for each individually named Defendant Officer, produced herewith as Bates labeled documents FCRL 000563-000569 (SPAR Histories) and FCRL 000297-000306; 000309-000311 (Jasper / Crystal Reports).  Additionally, Defendants direct Plaintiff to the Five-Year Employee Complaint Register Histories (FCRL 000548-000554) and the CRMS Employee Complaint Histories (FCRL000555-000562) for each Defendant Officer, which include log file numbers for Complaint Registers ("CRs") that arose from events taking place from 10 years prior to Plaintiff's October 3, 2015 arrest to the present ("histories"), which are being produced with this response.  Answering further, Defendants agree to produce, subject to the previously entered Confidentiality Order, the complete CLEAR log files for the CRs that arose from the events taking place from 10 years prior to Plaintiff's October 3, 2015 arrest to the present and that contain allegations similar to those being made in Plaintiff's Complaint and the Facesheets and/or Complaints Against Department Member for any remaining CRs listed in those histories. Defendants are not searching for and will not be producing "CRs" outside of the time period listed above or any hard copy files for any "CRs" because doing so would be overly burdensome and not proportional to the needs of the case as the information being produced as described above for the ten-plus year period of time will provide all necessary information in this matter without overly burdening the Defendants.  Answering further, Defendants reserve the right to withhold responsive documents on the basis of the

attorney – client or deliberative process privileges and will produce a privilege log in the event any documents are withheld on these bases. Further answering, Defendants direct Plaintiff to their respective answers to Plaintiff's Interrogatory No. 8.

6. The complete personnel files of

    a. Officer Corona, #3331

    b. Officer Delaney, #4024

    c. Officer Houlihan, #4837

    d. Officer Iza, #12649

    e. Officer MacNiff, #11549

    f. Officer Konior, #14328

    g. Officer Brown, #20982

This request includes but is not limited to, the "unit files" referred to in the letter attached as Exhibit 3.

RESPONSE: Defendants object to this request as it seeks protected, confidential and highly –sensitive information. Personnel files are protected from disclosure by both federal and state law; therefore, disclosure would be a violation of Mental Health and Developmental Disabilities Act, 740 ILCS 110/1 *et seq.*, the Health Insurance Portability and Accountability Act, 45 CFR § 164.512(e)(1), and the Illinois Personnel Record Review Act, 820 ILCS 40/1 *et seq*. Defendants further object as this request calls for personal and confidential information that is not proportional to the needs of this case the disclosure of which could cause safety and security risks to Defendants and their families. Defendants further object to this request on the grounds that it is overly broad in that it is not reasonably limited in either time or scope, on the grounds that the request seeks

**information that is not relevant to any party's claims or defenses, on the grounds that the request seeks information that is not proportional to the needs of the case, and seeks improper character evidence. Subject to and without waiving said objections, Defendants direct Plaintiff to the Individual Defendants' Complimentary Histories (FCRL 000469-000475) and Training Records (FCRL 000443-000468; 000476-000547).**

7. All documents related to, referenced in, or supportive of any defendant's answers to Plaintiff's Interrogatories.

**RESPONSE:  Defendants object to this request on the grounds that the use of the phrase "related to" is vague, ambiguous and overly broad, on the grounds that the request is overly broad in that it is not reasonably limited in scope, to the extent the request seeks information protected by the attorney-client privilege, and to the extent the request seeks information that would reveal attorney mental impressions and case strategy information, which are protected by the attorney work product doctrine. Subject to and without waiving said objections, Defendants refer Plaintiff to documents bates labeled FCRL 000001-61, which were previously produced, and to documents bates labeled FCRL 000062-001270, which are being produced herewith. Answering further, Defendants refer Plaintiff to the Individual Defendants' answers to Plaintiff's Interrogatories for the specific Bates labeled documents referenced therein.**

8. All financial statements signed by the following individuals in the past ten years:

    a.    Officer Corona, #3331

    b.    Officer Delaney, #4024

    c.    Officer Houlihan, #4837

    d.    Officer Iza, #12649

e.      Officer MacNiff, #11549

f.      Officer Konior, #14328

g.      Officer Brown, #20982

**RESPONSE:  Defendants object to this interrogatory as premature as liability has not been established nor has any defense been raised relative to any Defendant's ability or inability to pay any such damages, on the grounds that the interrogatory is overly broad in that it is not reasonably limited in scope, on the grounds that the use of the phrase "financial statements" is vague and ambiguous, and on the grounds that the request infringes upon a legitimate privacy interest, as disclosure of such information could put Defendant Officers and their families at risk.  Subject to and without waiving said objections, the Individual Defendants state that they have not yet made a determination if they will be seeking to present such evidence, but will supplement this request at a later time should it be necessary and only with a protective order in place that would govern the dissemination of this personal information.**

9.   The Registered Cooperating Individual File for the Registered Confidential Individual referred to at FCRL 000048, attached as Exhibit 1:

**RESPONSE:  Defendants object to this request on the grounds that it seeks information protected by the informant's privilege (*see* 735 ILCS 5/8-802.3-Informant's Privilege), on the grounds that the request calls for information that is not proportional to the needs of the case, and on the grounds that the request calls for personal information about a confidential informant that could cause a safety and security risk to that individual.**

Date:  April 27, 2018

Respectfully submitted,

*/s/Jennifer K. Bagby*
Jennifer K. Bagby
Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(312)742-6408

## CERTIFICATE OF SERVICE

I hereby certify that I have served this notice and the attached document **Defendants'**
**Response to Plaintiff's Request for Production** by causing it to be delivered by email and hand
delivery to the following on this day of 27th April 2018.

Joel Flaxman
Law Offices of Kenneth Flaxman
200 South Michigan Ave. Suite 201
Chicago, Illinois 60604
O: (312)427-3200
E: jaf@kenlaw.com

*/s/Jennifer K. Bagby*
Assistant Corporation Counsel

**Plaintiff's Exhibit 2**                                          **Page 12**

**Exhibit 3**



### DEPARTMENT OF LAW

### CITY OF CHICAGO

May 10, 2018

**VIA EMAIL**

Joel Flaxman, Counsel for the Plaintiff
Law Offices of Kenneth N. Flaxman P.C.
200 S Michigan Avenue, Suite 201
Chicago, IL 60604
jaf@kenlaw.com

Re: *Job E. Ayala v. CPD Officer Corona, et al.,* 2017 C 05621

Dear Counsel:

This letter is to summarize our telephone conversation today regarding outstanding discovery issues:

1. **CR HISTORY**

As I explained, our position is that any CR history for events that occurred more than 10 years before the underlying incident date are not relevant and we are not agreeing to produce that information, hence the redactions on the CRMS histories. Regarding the CLEAR log file vs. Face Sheets, we will produce the CLEAR log file for all log numbers within that 10-year period where the allegations are similar to those raised in your lawsuit. For the remaining CR log numbers, we will produce the face sheets. If there is something that you see in the face sheet that you believe warrants additional information from the file we are certainly willing to discuss the issue further and obtain and produce additional documents if necessary. It is our position that the production of all of the log files would be overly burdensome. We are working to obtain the CLEAR Log files and face sheets and hope to produce those to you within the next 30 days.

2. **CLEAR LOG FILE vs. HARD FILE**

JENNIFER K. BAGBY · ASSISTANT CORPORATION COUNSEL

30 NORTH LASALLE STREET · SUITE 900 · CHICAGO, ILLINOIS 60602

312.742-6408 (phone) · 312.744.6566 (fax)

**Plaintiff's Exhibit 3**                                                    **Page 1**



DEPARTMENT OF LAW

CITY OF CHICAGO

As we discussed, the CLEAR Log files contain all of the documents that were used by the investigator and the only thing that could be in a hard file would be the investigators notes. Again, our position is that obtaining and producing the hard files is overly burdensome because the CLEAR Log file should provide all of the necessary information. However, I do agree with you that you are entitled to the hard file for Log number 1078600 as it involves the underlying events to this lawsuit. We will produce anything from the hard file within the next 30 days.

**3. PERSONNEL FILES**

We maintain the position that the entire personnel files of our clients are not discoverable for the reasons set forth in our interrogatory answers. Accordingly, at this time we will not be producing any part of them and we will not be producing a privilege log related to those files.

**4. RCI**

As per our discussion, we will contact CPD to see what if any information exists regarding the Registered Confidential Informant referenced in the Arrest Report. At that time we can discuss what if any information we can agree to produce.

Please let me know if I missed anything from our conversation or if you have any additional questions or concerns.

Sincerely,

Jennifer K. Bagby
Assistant Corporation Counsel
PH: (312) 742-6404

JENNIFER K. BAGBY · ASSISTANT CORPORATION COUNSEL

30 NORTH LASALLE STREET · SUITE 900 · CHICAGO, ILLINOIS 60602

312.742-6408 (phone) · 312.744.6566 (fax)

**Exhibit 4**



**Joel Flaxman** <jaf@kenlaw.com>

## Job Ayala v. CPD Officer Corona, et al. (2017 C 05621)

**Jennifer Bagby** <Jennifer.Bagby@cityofchicago.org>　　　　　　　Tue, Jun 19, 2018 at 9:56 AM
To: Joel Flaxman <jaf@kenlaw.com>, Christine Wee <Christine.Wee@cityofchicago.org>
Cc: Kenneth Flaxman <knf@kenlaw.com>, Victoria Benson <Victoria.Benson@cityofchicago.org>

> Counsel -
>
> I apologize for my delayed response but I was out of the office last week.
>
> In response to your question about the RCI we are standing by our objection that any information contained in the file is privileged. If there are some specific questions or information that you want to ask about the RCI please let us know and we can see what if anything we can disclose but as to the general questions posed in your Interrogatories and RFPs our objection stands.
>
> As a follow up to the CLEAR log files and face sheets that we sent to you last week, we are working on any audio or video recording files that were included as attachments to those CLEAR log files and we hope to get those out to you by the end of next week.
>
> Please let me know if you have any additional questions or concerns.
>
> Thank you-
>
> Jennifer Bagby
> Assistant Corporation Counsel
> City of Chicago Department of Law
> Federal Civil Rights Litigation Division
> 30 North LaSalle Suite 900
> Chicago, IL 60602
> (312)-742-6408
>
> ---
>
> **From:** Joel Flaxman <jaf@kenlaw.com>
> **Sent:** Thursday, June 7, 2018 2:14:39 PM
> **To:** Christine Wee
> **Cc:** Kenneth Flaxman; Victoria Benson; Jennifer Bagby
> **Subject:** Re: Job Ayala v. CPD Officer Corona, et al. (2017 C 05621)
>
> Thanks for letting us know. Let's talk after that about whether we need to adjust the discovery schedule.
>
> Do you have an update on the Registered Confidential Informant file? I also don't think I ever got a response to my question about outstanding subpoenas, including to Thorek Hospital.
>
> ---
> Joel Flaxman
> Law Offices of Kenneth N. Flaxman P.C.
> 200 S Michigan Ave, Ste 201
> Chicago, IL 60604
> (312) 427-3200
> (312) 427-3930 (fax)
> www.kenlaw.com
>
> On Thu, Jun 7, 2018 at 2:02 PM, Christine Wee <Christine.Wee@cityofchicago.org> wrote:

**Plaintiff's Exhibit 4**　　　　　　　　　　　　　　　　　　　　**Page 1**

Dear Counsel,


We are preparing for production the Face Sheets and CLEAR Log files referenced in the answers and responses to Plaintiff's First Set of Interrogatories and Requests for Production. Due to the immense volume of pages that will be produced, we will need an additional few days to get them to you. We anticipate producing the documents on Monday, June 11. Thank you in advance for your patience. Please don't hesitate to contact me with any questions or concerns.


Christine


Christine K. Wee

Assistant Corporation Counsel

City of Chicago Department of Law

Federal Civil Rights Litigation Division

30 North LaSalle Street, Suite 900

Chicago, IL 60602

(312) 742-6404

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

**Plaintiff's Exhibit 4**                                                         **Page 2**